UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER J. JIMERSON, JR.,<br><br>                    Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security[1],<br><br>                    Defendant. | CASE NO. C16-0595-JCC-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Walter J. Jimerson, Jr. proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

/ / /

/ / /

---

[1] Nancy Berryhill is now the acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1956.[2] He graduated from high school and previously worked as a driver, medical supply warehouse technician, car servicing department porter, utility worker, steel worker, and fuel linesman. (AR 268, 289, 296.)

Plaintiff filed an application for SSI on December 28, 2011, alleging disability beginning March 1, 2002. (AR 253-61.) His application was denied at the initial level and on reconsideration, and he timely requested a hearing. (AR 147-63.)

On May 12, 2014, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 16.[3]) On September 11, 2014, the ALJ issued a decision finding Plaintiff not disabled. (AR 16-27.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on February 17, 2016 (AR 1-4), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not worked since his application date. (AR 18.) At step two, it must be determined whether a claimant

---

[2] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[3] The transcript of this hearing is not in the record.

suffers from a severe impairment. The ALJ found severe Plaintiff's affective disorder, personality disorder, substance abuse disorder, and diabetes. (AR 18-19.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19-21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform medium work with additional limitations: he is limited to simple, routine tasks, and can follow short, simple instructions. He can perform work that needs little to no judgment. He can perform simple duties that can be learned on the job in a short period. He could perform sustained work activities in an ordinary work setting on a regular and continuing basis within customary tolerances of employers' rules regarding sick leave and absence. He can work with minimal supervisor contact. He can work in proximity to few co-workers, but not in a cooperative or team effort. He can have no more than minimal interactions with a few co-workers. He can work in a predictable work environment with few work setting changes. He cannot deal with the general public in the context of a sales position or a job where the general public is frequently encountered as an essential element of the work process, but incidental superficial contact with the general public is not precluded. (AR 21-25.) With that assessment, the ALJ found Plaintiff capable of performing his past work as a cleaner II. (AR 25-26.)

The ALJ also proceeded in the alternative to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as clean up worker/janitor,

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 3

hand packager, and production assembler. (AR 26-27.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in failing to include all of his severe impairments at step two, and in assessing the opinions of examining psychologists David Mashburn, Ph.D., and William Wilkinson, Ed.D. According to Plaintiff, those errors resulted in error in the ALJ's RFC assessment. He asks that the ALJ's decision be reversed and her claim remanded for an award of benefits as well as further proceedings. *See* Dkt. 13 at 1-2. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

## Step Two

Plaintiff argues that the ALJ erred in failing to include psychotic disorder, anxiety disorder, and post-traumatic stress disorder (PTSD) as severe impairments at step two. Dkt. 13 at 3.

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). A severe mental or physical impairment must result from anatomical, physiological, or psychological abnormalities which can

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. § 416.908. A severe impairment must be established by evidence from an acceptable medical source. 20 C.F.R. § 416.913(a).

The ALJ noted that psychotic disorder was not diagnosed by a medical acceptable source based on appropriate findings. (AR 19.) Plaintiff disputes this, and also points to other references to PTSD and anxiety disorder that he contends should have been credited by the ALJ. Dkt. 13 at 3-5. Even if Plaintiff is correct, and the ALJ should have listed additional impairments at step two, he has not identified any limitations that were overlooked as a result of the ALJ's omission. He speculates that "it can be reasonably concluded that the ALJ did not adequately consider the limitations flowing from [the omitted] impairments in reaching his conclusion that the Plaintiff was capable of working[,]" but this conclusory statement does not meet his burden to show harmful legal error in the ALJ's decision. Dkt. 13 at 3.

The Commissioner argued as much in her response brief (Dkt. 17 at 3-4), and on reply Plaintiff only points to discounted medical opinions as the basis for additional limitations caused by the omitted impairments. Dkt. 18 at 2 (citing opinions of Drs. Mashburn and Wilkinson). For reasons explained *infra*, the ALJ did not err in discounting those opinions, and thus the opinions do not establish the existence of more severe mental limitations than those included in the RFC assessment. Accordingly, Plaintiff has not established the existence of any harmful error in the ALJ's step-two findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to list impairment as severe at step two harmless where limitations considered at step four).

Plaintiff also argues that the ALJ erred in including personality disorder as a step-two impairment, because the existence of that impairment is not supported by the record. The

Commissioner does not dispute that the disorder is not supported by the record, but argues that this error is also harmless. Dkt. 17 at 2 n.1. Plaintiff argues in reply that the Commissioner did not address his challenge to the personality disorder finding, but this is inaccurate, and moreover, Plaintiff has not shown how the error is harmful. Dkt. 18 at 3.

For these reasons, the ALJ's step-two findings should not be disturbed.

## Medical Opinion Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

A. <u>Dr. Mashburn</u>

The record contains multiple examination reports authored by Dr. Mashburn, from 2004, 2005, 2006, 2008, and 2014. (AR 339-40, 342-45, 670-75, 1046-50.) The 2014 report was the only one explicitly weighed by the ALJ, because the previous reports predated Plaintiff's

application date and pertained to a prior application. (AR 16, 24-25.) The ALJ summarized Dr. Mashburn's 2014 findings and discounted that report in light of Dr. Mashburn's lack of familiarity with Plaintiff's longitudinal record, aside from Dr. Mashburn's own prior examinations. (AR 24.) The ALJ found Dr. Mashburn's description of Plaintiff's presentation to be inconsistent with contemporaneous treatment notes, and inconsistent with Dr. Mashburn's own mental status examination findings. (*Id*.) The ALJ also noted that Dr. Mashburn relied on a diagnosis that was not established in the treatment record, and that his opinion was not consistent with Plaintiff's self-reported activities. (*Id*.)

Plaintiff argues that the ALJ erred in discounting Dr. Mashburn's opinion based on his failure to review the entire record, because no opinion in the record is based on a review of the entire record, and "there is no requirement that an examiner's opinion be based upon a review of records[.]" Dkt. 13 at 8. But the ALJ did not find that a review of the record was necessary; instead he considered, consistent with the regulations, that Dr. Mashburn's limited exposure to Plaintiff's records undermined his ability to accurately understand Plaintiff's condition or to consider inconsistencies in Plaintiff's self-reporting and presentation. *See* 20 C.F.R. § 416.927(c)(6) ("[T]he extent to which an acceptable medical source is familiar with the other information in your case record [is a] relevant factor[] that we will consider in deciding the weight to give to a medical opinion."). That no provider reviewed the entire record does not imply that Dr. Mashburn's opinion is entitled to more weight than afforded to it by the ALJ.

Plaintiff also objects to the ALJ's citation to treatment notes from "a few appointments with his primary care provider[.]" Dkt. 13 at 8. According to Plaintiff, those treatment notes are an insufficient basis for discounting Dr. Mashburn's opinion. Although Plaintiff emphasizes that the cited treatment notes contain some indication of mental health symptoms, he does not directly

dispute that the treatment notes describe less severe symptoms, which is consistent with the ALJ's finding. (AR 24 (citing AR 1022-35, 1043).) Plaintiff has not shown that the ALJ's finding lacks the support of substantial evidence in the record, and the Court will not reweigh the evidence.

Plaintiff also argues that Dr. Mashburn's normal mental status examination findings do not contradict his opinion, because Dr. Mashburn "did not find that [his] impairment was cognitive in nature." Dkt. 13 at 9. But Dr. Mashburn did opine that Plaintiff had several marked limitations in cognitive areas, such as the ability to perform detailed instructions and perform routine tasks without special supervision. (*See* AR 1048.) Dr. Mashburn also described social limitations, but his opinion was not restricted to only Plaintiff's "behavioral factors and his consistency[,]" as contended by Plaintiff. Dkt. 13 at 9. The ALJ did not err in finding that Dr. Mashburn's mental status examination findings were inconsistent with his conclusions to at least some degree, and discounting the opinion on that basis. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province").

The ALJ also discounted Dr. Mashburn's opinion because it was based on a "rather equivocal diagnosis of 'psychotic disorder NOS or organic brain disorder due to early head injury.'" (AR 24 (referencing AR 1047).) The ALJ found that because neither of those diagnoses were clearly established in the treatment record, Dr. Mashburn's opinion was predicated on an inaccurate view of Plaintiff's impairments. (AR 24.) Plaintiff argues that the ALJ overlooked that a Sound Mental Health clinician diagnosed psychotic disorder, but that diagnosis was authored by a non-acceptable medical source. Dkt. 13 at 9 (citing AR 454). Because the existence of severe impairments must be established by an acceptable medical source, the ALJ did not err in his description of the record. *See* 20 C.F.R. § 416.913(a).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8

Finally, Plaintiff argues that the ALJ erred in finding Dr. Mashburn's opinion to be inconsistent with Plaintiff's activities. Earlier in the decision, the ALJ described Plaintiff's activities, namely using public transportation, shopping for food, eating in public places, and visiting the library. (AR 19-20.) It is not clear how these activities would be inconsistent with Dr. Mashburn's opinion. Even if the ALJ erred in discounting Dr. Mashburn's opinion on this basis, the ALJ's other specific, legitimate reasons to discount the opinion render this error harmless. Because the ALJ provided multiple valid reasons to discount Dr. Mashburn's opinion, the ALJ's assessment of the opinion should be affirmed.

B.    Dr. Wilkinson

The record contains multiple examination reports authored by Dr. Wilkinson, in September 2008, May 2009, February 2011, and September 2011. (AR 575-97, 651-68.) The ALJ discussed the two 2011 opinions, giving them little weight in light of Dr. Wilkinson's failure to review the entire record and his reliance on Plaintiff's non-credible self-report. (AR 24.) The ALJ also identified a specific inaccurate statement that Plaintiff made to Dr. Wilkinson. (*Id.*) Lastly, the ALJ noted that although the form opinion requested that Dr. Wilkinson assess what Plaintiff was capable of doing despite his impairments, Dr. Wilkinson did not provide such an assessment and merely found Plaintiff unable to work on a full-time basis. (AR 24-25 (referencing AR 578, 586).)

Plaintiff argues that the ALJ erred in discounting Dr. Wilkinson's opinions on the grounds that he did not review records, because Dr. Wilkinson examined Plaintiff multiple times and was therefore familiar with him, and no other provider reviewed the entire record. Dkt. 13 at 12-13. Again, whether another provider reviewed the entire record is not relevant to assessing the ALJ's reasoning, because the ALJ did not claim to have given more weight to another provider's opinion. Furthermore, Dr. Wilkinson's examination of Plaintiff on multiple occasions may suggest that he

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 9

was more familiar with him than someone who had examined him only once, but it is nonetheless accurate to find, as the ALJ did, that Dr. Wilkinson did not review the entire record. Although there is no requirement that an examining provider review the entire record, an ALJ properly considers whether a provider is familiar with the longitudinal record when assessing that provider's opinion. *See* 20 C.F.R. § 416.927(c)(6).

Plaintiff also contends that the ALJ erred in discounting Dr. Wilkinson's opinions due to reliance on self-reporting, because "[c]learly an evaluator of mental impairments would need to rely upon the subject's report to some degree." Dkt. 13 at 13. But the ALJ found that Plaintiff's self-report was not entirely reliable, and Plaintiff does not challenge that finding. Accordingly, the ALJ was entitled to discount Dr. Wilkinson's opinion to the extent that he relied on Plaintiff's self-reporting. *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

With regard to the specific inaccuracy in Plaintiff's self-report that was highlighted by the ALJ — that he had attended a Social Security hearing the day before his examination by Dr. Wilkinson (AR 575), when in fact he had not — Plaintiff argues that the significance of this inaccuracy is unclear and his report may not have influenced Dr. Wilkinson's opinion. Dkt. 13 at 14. That may be true, but the ALJ cited the inaccuracy for the purpose of demonstrating that Dr. Wilkinson relied on Plaintiff's self-report, which was not entirely accurate. Plaintiff has not shown error in that line of reasoning.

Lastly, Plaintiff argues that Dr. Wilkinson's opinions regarding the most he can do despite his impairments can be gleaned from the reports, even if Dr. Wilkinson did not state it in the section provided in the form opinion. Dkt. 13 at 14 (citing AR 577-78). But the pages cited by Plaintiff do not state an opinion as to the most that Plaintiff can do; they merely rate functional limitations in a variety of areas. (AR 577-78.) Plaintiff has not shown error in the ALJ's line of reasoning.

Because the ALJ provided multiple valid reasons to discount Dr. Wilkinson's opinions, the ALJ assessment of those opinions should be affirmed.

### RFC Assessment

Plaintiff argues that the ALJ's RFC assessment is erroneous because he did not rely on any particular medical opinion. But Plaintiff cites no authority requiring such reliance, and the Court is not aware of any. Instead, agency guidance emphasizes that the task of discerning a claimant's RFC is tasked to the ALJ alone, not medical providers. Social Security Ruling 96-5p, 1996 WL 374183 (Jul. 2, 1996). An RFC finding need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

Furthermore, to the extent Plaintiff relies on the opinions of Drs. Mashburn and Wilkinson to argue that he is more limited than the ALJ found, the ALJ properly discounted those opinions, as explained *supra*. Plaintiff has not shown error in the ALJ's RFC assessment based on the ALJ's failure to account for limitations found in properly discounted opinions. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Accordingly, Plaintiff has not shown harmful error in the ALJ's RFC assessment.

### CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

### DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 21, 2017**.

DATED this 4th day of April 2017.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 12